IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RYAN ROBINSON, | : | CIVIL NO. 3:14-CV-0376 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| JOHN DOE, DENTAL SURGEON, | : | |
| Defendant | : | |

## MEMORANDUM

Plaintiff Ryan Robinson ("Robinson"), a Pennsylvania state inmate presently incarcerated at the State Correctional Institution at Coal Township, Pennsylvania, filed this *pro se* 42 U.S.C. § 1983 civil rights action against John Doe, Dental Surgeon. (Doc. 1). Although the complaint was originally ordered served (Doc. 9), the court revisits the issue of preliminary screening and concludes that the complaint is subject to dismissal for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

I. **Standard of Review**

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted. . . ." 28 U.S.C. §1915(e)(2)(B)(ii). The applicable standard of review for the failure to state a claim provision is the same as the standard for a motion pursuant to 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P.

12(b)(6). When ruling on a Rule 12(b)(6) motion, the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556U.S. at 679

(citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## II. Allegations of the Complaint

Robinson alleges that on February 9, 2012, he had a wisdom tooth pulled by a dental surgeon. (Doc. 1, at 1.) Subsequent to the extraction, he began to experience severe pain in his jaw and was unable to properly bite. (Id.) After several consultations, he had corrective surgery on the left side of his jaw. (Id. at 2.) Thereafter, he returned to the hospital and had surgery on the opposite side. (Id.) He continues to experience pain and a popping sound in his jaw and has been informed by doctors that the pain and popping of the jaw will continue for the remainder of his life. (Id.) He had no history of jaw pain or problems prior to the tooth extraction. (Id.) He seeks compensation in the form of money damages for the "medical malpractice" of the dental surgeon.

## III. Discussion

In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). The standard is two-pronged; "[i]t requires deliberate indifference on the part of prison officials and it requires that the prisoner's medical needs be serious." West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978). A serious medical need is "one

that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 34, 38 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury." White v. Napoleon, 987 F.2d 103, 109 (3d Cir.1990).

However, mere misdiagnosis or negligent treatment is not a constitutional violation and therefore, is not actionable under § 1983. Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that so long as a physician exercises professional judgment, his behavior will not violate a prisoner's constitutional rights." Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990) citing Youngberg v. Romeo, 457 U.S. 307, 322–23 (1982). Moreover, deliberate indifference is generally not found when some level of medical care has been offered to the inmate. Clark v. Doe, 2000 WL 1522855, at *2 (E.D.Pa. 2000) ("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care").

Robinson fails to allege that his constitutional rights were violated. He does not allege

4

that he was denied medical treatment or that the defendant intended to harm him. Rather, he is merely dissatisfied with the results of the treatment he was provided and clearly states that he is seeking damages based on alleged "medical malpractice." Such dissatisfaction does not amount to a constitutional violation and "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. Courts have held consistently that "where a plaintiff has received some care, inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim." Roach v. Kligman, 412 F. Supp. 521, 525 (E.D.Pa. 1976). See also U.S. ex rel. Walker v. Fayette County, 599 F.2d 573 (3d Cir. 1979). Accordingly, the complaint will be dismissed.

### IV. Leave to Amend

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave [to amend] sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure); FED. R. CIV. P. 15(a)(2). Based upon the nature of the allegations, it is clear that affording plaintiff leave to amend would be futile.

V.   **Conclusion**

Based on the foregoing, Robinson's complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate order follows.

                              BY THE COURT:

                              s/James M. Munley
                              JUDGE JAMES M. MUNLEY
                              United States District Court

October 3, 2014